IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUU NGUYEN,
    Plaintiff

v.                                                CIVIL ACTION NO. WDQ-13-3512

LEO RYAN, JR.,
    Defendant

\*\*\*\*\*\*

MEMORANDUM

The Plaintiff brings this self-represented action against Maryland District Court for Baltimore County Judge Leo Ryan, Jr.[1] ECF No. 1. The Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis shall be granted. Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

The Plaintiff alleges that during his state criminal proceedings, Judge Ryan failed to produce his "oath of office" when the Plaintiff requested same. The Plaintiff further alleges that Judge Ryan was biased against him and acted with hostility when the Plaintiff attempted to "exercise[] his rights." The Plaintiff alleges that the warrant issued in his criminal case was unlawful. The Plaintiff states that "Defendant act[ed] as an agent for the state to collect equity as opposed to a Trier of facts and a magistrate." The Plaintiff indicates that Judge Ryan erroneously

---

[1] Attached to the 19 page complaint is an affidavit and 44 page Memorandum of Law consistent with the "sovereign citizen" philosophy frequently raised in this court by a growing number of prisoners and criminal defendants. *See United States v. Mitchell*, 405 F.Supp.2d 602, 603-06 (D. Md. 2005)(describing the theory, its sources, and its anti-government movement predecessors). Such a defense has been repeatedly rejected and has been viewed by this

1

denied his motions to dismiss the complaint based on the Plaintiff's arguments regarding: lack of subject matter jurisdiction; a defective instrument; the state's failure to respond to his demand for a bill of particulars; and "failure to state a claim where relief can be granted." The Plaintiff further states that after leaving the court on October 17, 2013, an erroneous warrant for failure to appear was issued by Judge Ryan. ECF No. 1.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the

---

circuit as a "self-defeating legal strategy." *See United States v. Jenkins*, 311 Fed. Appx. 655, 656 (4th Cir. 2009).

2

judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of the Plaintiff's allegations against the named Defendant does not compel the conclusion that Judge Ryan acted in clear absence of jurisdiction. The Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because immunity precludes the Plaintiff's recovery, sua sponte dismissal of the Plaintiff's claims is appropriate.

A separate Order shall be entered reflecting the ruling set forth herein.

12/5/13
Date

William D. Quarles, Jr.
United States District Judge